# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 1:24cv351 TBM-RPM |
| ) | |
| MINA HUA; RICO HUA; FREEDOM ) | |
| MORTGAGE CORPORATION; ) | |
| COMMUNITY BANK OF MISSISSIPPI, ) | |
| ) | |
|     Defendants. ) | |

## COMPLAINT IN INTERPLEADER AND COMPLAINT FOR DECLARATORY JUDGMENT

Evanston Insurance Company ("Evanston") files this Complaint in Interpleader and Complaint for Declaratory Judgment.

## PARTIES

1. Evanston is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Rosemont, Illinois.

2. Mina Hua ("Ms. Hua") is an adult resident and citizen of the State of Mississippi.

3. Rico Hua ("Mr. Hua") is an adult resident and citizen of the State of Mississippi.

4. Freedom Mortgage Corporation is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business in Boca Raton, Florida doing business in Biloxi, Mississippi.

5. Community Bank of Mississippi is a corporation organized and existing under the laws of the State of Mississippi with its principal place of business in Flowood, Mississippi.

## JURISDICTION AND VENUE

6. Evanston invokes this Court's jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

7. Plaintiff is completely diverse from Defendants.

8. The amount in controversy exceeds $75,000.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and a substantial part of property that is the subject of the action is situated in this District.

## FACTUAL ALLEGATIONS

10. Evanston issued a Homeowners Policy to Named Insured Mina Hua bearing policy number BWH116338R4 for policy period December 5, 2022 to December 5, 2023 (the "Policy").

11. The Policy identifies the "insured location" as 1084 Division Street, Biloxi, Mississippi 39530.

12. The Policy defines "residence premises" as "[t]he one-family dwelling where you reside."

13. On or about September 7, 2023, a fire occurred at the "insured location" damaging the dwelling located at the "insured location" and personal property located in the dwelling.

14. The dwelling owned by Defendant Mina Hua that was damaged by the fire at issue in this case is the "residence premises" located at the "insured location" as defined by the Policy.

15. The Policy contains Dwelling coverage for the "residence premises" located at the "insured location" with policy limits of $279,000.

16. The Policy also identifies the mortgage holder on the "residence premises" as "Community Bank of Mississippi ISAOA/ATIMA."

17. Upon information and belief, Community Bank of Mississippi no longer holds a mortgage on the insured premises.

18. Upon information and belief, Freedom Mortgage Company now holds a mortgage on the "residence premises."

19. Upon information and belief, the outstanding amount of the mortgage held on the insured premises is approximately $176,683.68.

20. The Evanston policy contains a Mortgage provision that provides as follows:

**L.    Mortgage Clause**

1. If a mortgagee is named in this policy, any loss payable under Coverage **A** or **B** will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

2. If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:
   a. Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;
   b. Pays any premium due under this policy on demand if you have neglected to pay the premium; and
   c. Submits a signed sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Paragraphs **F.** Appraisal, **H.** Suit Against Us and **J.** Loss Payment under Section **I** – Conditions also apply to the mortgagee.

. . .

4. If we pay the mortgagee for any loss and deny payment to you:
   a. We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or
   b. At our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

[Policy Form HO 00 03 05 11, p. 16 of 24].

21. The Policy contains a $2,500 deductible.

22. In addition to Dwelling Coverage, the Policy contains Personal Property coverage for personal property owned or used by "an insured" with policy limits of $46,200.

23. The Policy also contains Loss of Use/Rents coverage for additional living expenses incurred as a result of the uninhabitability of the "residence premises" with policy limits of $19,800.

24. Ms. Hua has made a claim with Evanston for the damage to her dwelling, damage to her personal property, and loss of use/rents as a result of the fire under the Dwelling coverage of the Policy.

25. In the days following the September 7, 2023 fire, Evanston advanced funds to Ms. Hua under the Policy's Personal Property coverage and Loss of Use/Rents coverage.

26. To support her claim for personal property coverage, Ms. Hua has submitted a list of items she allegedly purchased as replacement property for that personal property lost in the September 7, 2023 fire.

27. That list of replacement personal property purchased totals $13,945.

28. Since receiving the advance payment for Loss of Use/Rents, Ms. Hua has not made any additional request under her claim for additional living expenses under the Loss of Use/Rents coverage in the Policy. Upon information and belief, she has been displaced from the dwelling since the fire, and Evanston seeks a declaration that it does not owe coverage for any additional living expenses or other benefits owed under the Loss of Use/Rents coverage in the Policy.

29. Rico Hua is the son of Mina Hua, was residing at the residence premises at the time of the fire, and upon information and belief, had personal property that was destroyed in the fire.

30. The Policy's Duties After Loss condition provides as follows:

      **C.**      **Duties After Loss**

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

. . .

      **5.**      Cooperate with us in the investigation of a claim;

      **6.**      Prepare an inventory of damaged personal property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

      **7.**      As often as we reasonably require:
            **a.**      Show the damaged property;
            **b.**      Provide us with records and documents we request and permit us to make copies; and
            **c.**      Submit to examination under oath, while not in the presence of another "insured", and sign the same;

[Policy Form HO 00 03 05 11, p. 14 of 24].

31. The Policy defines "insured" as "[y]ou and residents of your household who are your relatives . . . ." [Policy Form HO 00 03 05 11, p. 1 of 24].

32. Upon information and belief, Rico Hua is the son of Mina Hua and was residing at the "residence premises" at the time of the fire, so he qualifies as an "insured" under the terms of the Policy.

33. Evanston has investigated the September 7, 2023 fire loss to the "residence premises."

34. As part of Evanston's investigation into the fire, Evanston demanded the examinations under oath of Mina Hua and Rico Hua.

35. Mina Hua submitted to an examination under oath regarding the September 7, 2023 fire loss.

36. Also as part of its investigation, Evanston requested that Ms. Hua and Mr. Hua produce documents to assist in Evanston's investigation into the September 7, 2023 loss and Ms. Hua's claim for coverage arising from that loss.

37. Despite multiple requests for documentation of utility services provided to the "residence premises" from January 1, 2023 to the present, Ms. Hua neither produced these documents nor executed releases for Evanston to obtain the documents directly from the utility providers.

38. Further, Ms. Hua never produced an inventory of personal property damaged in the September 7, 2023 fire despite requests from Evanston that she provide that inventory.

39. Instead, Ms. Hua merely submitted a list of items she claims to have purchased as replacements for items of personal property damaged in the fire. However, Ms. Hua has failed to provide documentation sufficient to establish what personal property was damaged in the fire and/or her prior ownership of it.

40. Rico Hua failed to submit to his examination under oath as demanded by Evanston.

41. Mr. Hua did not produce any of the documents that Evanston requested he produce to assist Evanston in its investigation of the September 7, 2023 fire loss and Ms. Hua's claim for coverage.

42. Evanston's investigation into the September 7, 2023 fire loss was prejudiced by both Ms. Hua's and Mr. Hua's failure to produce documents requested by Evanston and Mr. Hua's failure to submit to an examination under oath.

43. Under the Policy's Section I – Property Coverages, coverage under Coverage A (Dwelling), Coverage C (Personal Property), and Coverage D (Loss of Use) are each limited by Section I – Exclusions. [Policy Form HO 00 03 05 100, pp. 9, 10 of 24].

44. Section I – Exclusions of the Policy contains the following exclusion:

**A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

. . .

**8.    Intentional Loss**

Intentional Loss means any loss arising out of any act an "insured" commits or conspires to commit with the intent to cause a loss.

In the event of such loss, no "insured" is entitled to coverage, even "insureds" who did not commit or conspire to commit the act causing the loss.

[Policy Form HO 00 03 05 11, p. 13 of 24].

45. Evanston's investigation into the September 7, 2023 fire loss has concluded that the fire was incendiary.

46. Upon information and belief, Evanston's investigation has revealed that Ms. Hua had the motive and opportunity to set the September 7, 2023 fire or to cause the September 7, 2023 fire to be set to the insured premises.

47. Upon information and belief, Ms. Hua committed the act or conspired to commit the act that ignited the September 7, 2023 fire to her dwelling with the intent to cause a loss.

## COUNT I
## INTERPLEADER

48. Evanston realleges and incorporates by references Paragraphs 1 through 47 as if fully set forth herein.

49. The Evanston Policy contains Dwelling coverage for the "residence premises" located on the "insured location" shown on the declarations of the Policy.

50. Ms. Hua has made a claim for the loss to the "residence premises."

51. As set forth below, Evanston contends that Ms. Hua's claim is excluded from coverage under the terms of the Policy.

52. Upon information and belief, the outstanding mortgage on the "residence premises" is approximately $176,683.68.

53. The outstanding mortgage is within the estimated replacement cost value of the for the damage to the residence premises.

54. Because the Policy was not endorsed to reflect a change in the identity of the mortgage holder but, upon information and belief, Evanston's investigation revealed that the mortgage holder on the "residence premises" has changed to where two different mortgage companies appear to have competing interests in the mortgage proceeds.

55. Therefore, Pursuant to Rule 22 of the Federal Rules of Civil Procedure, Evanston files this Complaint in Interpleader.

56. Evanston is depositing with the Court $174,183.68, which represents the outstanding mortgage on the property less the $2,500 deductible on the Policy.

57. Evanston shows that, as a result of the claims and/or potential claims to the dwelling coverage by the defendants, Evanston may be exposed to multiple liability and multiple litigation.

58. Evanston brings this Complaint in Interpleader in good faith, in order to fully discharge its liability and to permit the defendants to establish their claims.

WHEREFORE, PREMISES CONSIDERD, Evanston respectfully requests the following relief:

(A) That the process of this Court be issued to the defendants as provided by law and the rules of this Court requiring them to appear and answer this Civil Action and interplead their various claims to the aforesaid Policy;

(B) That this Court enter an Order restraining the defendants from instituting or prosecuting any proceeding in any State or United States court regarding the Evanston policy or obligations involved in this action until further order of the Court;

(C) That this Court enter an Order and judgment discharging Evanston from all further liability under and with respect to any payment obligations of the Dwelling portion of the claim under the Policy.

(D) That this Court enter an Order requiring the defendants to interplead and settle among themselves their respective claims to the interpleaded funds under the Policy; and

(E) Any other relief that this Court deems proper and just.

## COUNT II
## DECLARATORY JUDGMENT THAT THE CLAIM IS EXCLUDED FROM COVERAGE UNDER THE INTENTIONAL LOSS EXCLUSION

59. Evanston hereby adopts and reasserts the allegations of Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

60. Ms. Hua's claim for coverage for all losses arising out of the September 7, 2023 fire is excluded from coverage by the Policy's Intentional Loss exclusion.

61. Damage resulting from the September 7, 2023 fire is excluded from coverage under the Intentional Loss Exclusion.

62. Because the loss is excluded from coverage, the Policy does not provide any coverage to Ms. Hua or any other "insured" for any aspect of loss resulting from the September 7, 2023 fire.

63. A justiciable controversy exists regarding coverage under the Policy.

## COUNT III
## DECLARATORY JUDGMENT THAT EVANSTON HAS NO OBLIGATIONS UNDER THE POLICY BY OPERATION OF THE CIVIL ARSON DOCTRINE

64. Evanston hereby adopts and reasserts the allegations of Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

65. The September 7, 2023 fire to the insured premises was an incendiary fire caused by or caused at the direction of Ms. Hua.

66. Ms. Hua had motive and opportunity to set the September 7, 2023 fire to the insured premises.

67. Evanston has no obligation under the Policy to Ms. Hua for the September 7, 2023 fire under Mississippi law.

68. A justiciable controversy exists regarding coverage under the Policy.

## COUNT IV
## DECLARATORY JUDGMENT THAT ONE OR MORE INSURED HAS BREACHED THE POLICY'S CONDITIONS TO COVERAGE

69. Evanston hereby adopts and reasserts the allegations of Paragraphs 1 through 47 of this Complaint as if fully set forth herein.

70. Ms. Hua breached the conditions of the Policy by failing to produce certain documents Evanston requested in its investigation of the claim.

71. Ms. Hua breached the conditions of the Policy by failing to produce an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss including all bills, receipts, and related documents that justify the figures in the inventory.

72. Ms. Hua's breach of the Policy's conditions is prejudicial to Evanston.

73. Evanston has no obligations under the Policy to Ms. Hua because she breached the Policy's conditions by failing to provide an inventory of damaged personal property, refusing to

provide Evanston with records and documents it requested, and by failing to cooperate with Evanston in its investigation.

74. Mr. Hua breached the conditions of the Policy by failing to submit to an examination under oath that Evanston demanded.

75. Mr. Hua also breached the conditions of the Policy by failing to produce documents Evanston requested to aid in its investigation of the claim.

76. Mr. Hua's breach of the Policy's conditions is prejudicial to Evanston.

77. Evanston has no obligations under the Policy to Mr. Hua because he breached the Policy's conditions by refusing to submit to an examination under oath, refusing to provide Evanston with records and documents it requested from him, and refusing to cooperate with Evanston's investigation into the claim.

78. A justiciable controversy exists regarding coverage under the Policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Evanston Insurance Company requests the following relief:

(A) That this Honorable Court take jurisdiction of this Complaint;

(B) That this Honorable Court order, adjudge, and decree that this is a proper case for declaratory judgment relief and that there is a bona fide controversy between the parties as to their legal rights, status, and liabilities;

(C) That the process of this Honorable Court be issued to Defendants as provided by law and the rules of this Court and that Defendants be ordered to respond to this Complaint within the time prescribed by law, or in the event of a failure to do so, suffer a decree *pro confesso*;

(D) That this Honorable Court order, adjudge, and decree that no coverage is afforded under the Policy for the damages allegedly resulting from the September 7, 2023 fire;

(E) That this Honorable Court order, adjudge, and decree that by operation of the civil arson doctrine under Mississippi law, no coverage is afforded under

        the Policy for the damages allegedly resulting from the September 7, 2023 fire;

(F)      That this Honorable Court order, adjudge, and decree that one or more insureds breached the conditions of the Policy;

(G)      That this Honorable Court order, adjudge, and decree that that the Policy is void as a result of the breach of the conditions of the Policy by one or more insureds;

(H)      That, this Honorable Court will order, adjudge, and decree that Evanston is entitled to recover from Mina Hua all sums previously paid pursuant to September 7, 2023 fire.

(I)      That, if Evanston is mistaken in any special relief herein prayed for, then it prays for such other, further, more general relief to which it may be entitled in the premises.

Respectfully submitted,

 s/Brenen G. Ely
Brenen G. Ely (Mississippi Bar No. 105795)
Lauren A. Wiggins (*pro hac vice forthcoming*)
*Counsel for Evanston Insurance Company*

**OF COUNSEL:**
ELY, McCURRY, & HUNTER, LLC
3500 Blue Lake Drive
Suite 345
Birmingham, Alabama 35243
Telephone: (205) 313-1200
Facsimile: (205) 313-1201
bely@elyfirm.com
lwiggins@elyfirm.com

**TO BE SERVED BY CERTIFIED MAIL WITH SUMMONS ON THE FOLLOWING:**

Mina Hua
1084 Division Street
Biloxi, MS 39530


Rico Hua
1084 Division Street
Biloxi, MS 39530

Freedom Mortgage Corporation
c/o C T Corporation System
645 Lakeland East Drive, Suite 101
Flowood, MS 39232


Community Bank of Mississippi
1905 Community Bank Way
Flowood, MS 39232